UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | Case No. 10-43204-MSH |
| BETTY LECLAIR | ) | |
| RICHARD P. LECLAIR | ) | |
| | ) | |
| Debtors. | ) | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW ON CHAPTER 7 TRUSTEE'S OBJECTION TO EXEMPTIONS**

David M. Nickless, Chapter 7 trustee, has objected to the debtor Betty LeClair's claimed exemption in an annuity held for her benefit by the John Hancock Life Insurance Company. This is a core matter over which the bankruptcy court has jurisdiction pursuant to 28 U.S.C. § 157(b)(2)(B). After having considered the testimony and demeanor of Ms. LeClair, the sole witness at an evidentiary hearing in this contested matter, and upon review of the exhibits admitted in evidence, in accordance with Fed. R. Bankr. P. 7052 I herein present my findings and rulings. First, however, a brief digression.

**Motion to Amend Schedules**

Before turning to the issue of whether Ms. LeClair may exempt her annuity, it is necessary to identify precisely what exemption she has claimed. In schedule C originally filed with her Chapter 7 bankruptcy petition, Ms. LeClair claimed an exemption in certain individual retirement accounts ("IRAs") pursuant to Mass. Gen. Laws ch. 168 §§ 41 and 44, ch. 170 § 35, ch. 171 § 84 and ch. 246 §28 and claimed an unspecified exemption in what she described as an "Annuity" of unknown value. The trustee objected to these claimed exemptions. As was noted in my memorandum of decision of May 19, 2011 issued prior to the evidentiary hearing in this matter, the trustee had determined that Ms. LeClair owned no IRAs. Ms. LeClair, without filing

1

a formal amendment to schedule C, acknowledged that she was seeking only to exempt her annuity and in her opposition to the trustee's objection and again at a non-evidentiary hearing held on October 21, 2010, asserted that the basis for her exemption was Mass. Gen. Laws ch 175 § 119A.  The trustee objected to Ms. LeClair's exempting her annuity under § 119A.  The trustee maintained that the only state statutory authority for exempting annuities was Mass. Gen. Laws ch. 235 § 34A and that the statute imposes limitations on how much may be exempted.  In my May 2011 memorandum, I ruled that Ms. LeClair could not exempt the annuity under Mass. Gen. Laws ch. 175 § 119A and that Mass. Gen. Laws ch. 235 § 34A was the appropriate exemption statute.  An evidentiary hearing to determine the proper application of the statutory limitations took place on July 20, 2011.

In their joint pretrial memorandum, filed in connection with the evidentiary hearing, the parties framed the issue to be decided as "whether Betty LeClair's exemption pursuant to M.G.L. c. 235 § 34A for the John Hancock Annuity is limited to 7% of her income for the five years prior to June 24, 2010, the day she filed her bankruptcy petition."  On July 19, 2011,[1] the eve of the evidentiary hearing, Ms. LeClair filed a motion to amend schedules B and C of her bankruptcy petition along with the proposed amended schedules in which she listed the annuity

---

[1] Ms. LeClair filed the documents after 4:30 p.m. on the 19th and thus the trustee argues that they should be deemed filed as of the following day citing Massachusetts Local Bankruptcy Rule (MLBR) 5005-4(c).  MLBR 5005-4(c) sets such a time limit for documents filed by facsimile.  The motion to amend and its attachments were filed electronically.  Rule 3 of MLBR Appendix 8 sets a 4:30 p.m. deadline for entry of documents in the electronic filing system in order to be considered timely filed in those instances in which the court has set a date but not a specific time for the filing of documents, a situation also inapplicable to the filing of the amendments.  In any event, whether Ms. LeClair's motion to amend and the proposed amended schedules were filed the day before or the day of the evidentiary hearing does not affect the outcome of this dispute.

2

as fully exempt pursuant to Mass. Gen. Laws ch. 235 § 34A. The trustee opposed the motion as untimely and prejudicial.

Under Fed. R. Bankr. P. 1009 and MLBR 1009-1 schedules "may be amended as a matter of course at any time before the case is closed" with a motion to amend being required after the time for objecting to exemptions has expired. Ms.LeClair has complied with these rules. Furthermore, the trustee's claim of prejudice seems farfetched as it was he who suggested the applicability of Mass. Gen. Laws ch. 235 § 34A to Ms. LeClair's annuity in the first place and the parties' joint pretrial memorandum framed the evidentiary issue as one under that statute. Therefore, Ms. LeClair's motion to amend schedules B and C will be allowed. I turn now to the merits of this dispute.

## Objection to Exemption

In May 1994 Ms. LeClair's first husband, Andrew Germain, died suddenly. Among the assets she inherited was Mr. Germain's IRA held in an account or accounts with Capital Analysts in Quincy, Massachusetts. The IRA was transferred to Ms. LeClair's name but the account was left at Capital Analysts where it was overseen by Gerald Robinson. Ms. LeClair could not remember the amount that was in the IRA in 1994 but testified that it was "quite a bit."

In 1998 Ms. LeClair moved to Cape Cod and married Richard LeClair, the co-debtor in this case. At some point Ms. LeClair spoke to her accountant on the Cape about the fact that she did not think the IRA at Capital Analysts was "doing well." Her accountant suggested she contact Dennis Campbell at the Cape Cod office of Legg Mason Wood Walker, Inc. She did and in approximately 1998 the IRA was transferred to Legg Mason. A form 1099-R issued by Legg Mason for 2005 confirms that, at least for some period of that year, Legg Mason held for Ms. LeClair's benefit what the form describes as a "ROLLOVER IRA." The form 1099-R does not

3

indicate the balance in the account or whether any deposits were made into the account during 2005. Ms. LeClair, however, testified that she never made any contributions to the IRA.

Legg Mason subsequently closed its Cape Cod office and the administration of the IRA was transferred to a Legg Mason office in Providence, Rhode Island where William Baugh became the manager on the account. In 2005 and 2006 through a series of mergers or acquisitions Legg Mason became CitiGroup Smith Barney. A statement issued by CitiGroup Smith Barney for the first quarter of 2006 indicates that as of November 30, 2005, presumably when the account went from Legg Mason to CitiGroup, Ms. LeClair's IRA had a value of $165,512.00. The statement indicates that there were no contributions to the IRA during this period. CitiGroup Smith Barney's summary for the IRA for 2006 indicates that there were no contributions to the account during 2006. At some point CitiGroup Smith Barney became known as Citi Smith Barney. The 2007 and 2008 year-end summaries issued by Citi Smith Barney for Ms. LeClair's IRA also indicate that there were no contributions to the account in 2007 or 2008. The Citi Smith Barney statement for July 2008 indicates an $86,000 withdrawal. Ms. LeClair testified that the $86,000 was transferred from the IRA at Citi Smith Barney to John Hancock for the purchase of the annuity at issue here. The parties have stipulated that the $86,000 was transferred from one Citi Smith Barney account to another and then ultimately to John Hancock.

On June 24, 2010, the LeClairs filed their bankruptcy petition commencing this case. The parties have stipulated that Ms. LeClair was unemployed in 2005, 2006 and 2007 and that for the period from January 1, 2008 through June 23, 2010 she received wages of $27,338 in total. There is no evidence as to whether she had any unearned income during the five years prior to her filing bankruptcy.

4

At issue is whether Ms. LeClair's annuity is exempt under Mass. Gen. Laws ch. 235, § 34A which provides in relevant part:

> The right or interest of any person in an annuity, pension, profit sharing or other retirement plan subject to the federal Employee Retirement Income Security Act of 1974 . . . shall be exempt from the operation of any law relating to insolvency and shall not be attached or taken on execution or other process to satisfy any debt or liability of such person . . . . The exemption in this section for plans maintained by an individual, whether or not self-employed, shall not apply to sums deposited, determined without regard to deposits pursuant to a rollover or transfer except to the extent protection under this section would be limited in the absence of a rollover or transfer, in said plans during the five year period preceding the individual's declaration of bankruptcy or entry of judgment in excess of 7 per cent of the total income of such individual for such period.

The trustee does not dispute that the funds used to purchase Ms. LeClair's annuity came directly to John Hancock from her IRA at Citi Smith Barney. Rather, he alleges that the funds used to purchase the annuity were deposited into the IRA within five years of the debtor's bankruptcy filing and thus, according to the limitations set forth in the statute, Ms. LeClair's exemption is limited to $1913.66 which is 7% of her earned income for that period.

The five year period relevant here runs from June 25, 2005 through June 24, 2010. The trustee points out that while Ms. LeClair was able to produce account statements showing no contributions to the IRA between November 30, 2005 and July 15, 2008 when the annuity was purchased, she could produce no records for the period from June 25, 2005 through November 29, 2005. The trustee argues this creates an inference that Ms. LeClair deposited funds into the IRA during this five month period or, at the very least, establishes Ms. LeClair's failure to carry her burden of proof that she made no contributions to her IRA during this period. While Ms. LeClair testified that she never made a contribution to the IRA at any time, the trustee objected to the admissibility of Ms. LeClair's testimony based on the so-called "best evidence rule." Fed.

5

R. Evid. 1002.[2]  The trustee misperceives the rule.  Ms. LeClair's testimony was not elicited to prove the contents of a writing; she was testifying to a particular fact known to her, namely the history of the IRA she inherited from her first husband.  "[A]s the advisory committee note makes clear, Rule 1002 applies not when a piece of evidence sought to be introduced has been somewhere recorded in writing but when it is that written record itself that the party seeks to prove."  *R & R Associates, Inc. v. Visual Scene, Inc.*, 726 F.2d 36, 38 (1st Cir. 1984) (internal quotation marks and citations omitted).  "No evidentiary rule . . . prohibits a witness from testifying to a fact simply because the fact can be supported by written documentation."  *Id.*  Despite its nickname, the rule does not require that a writing be deemed better evidence than oral testimony or that when written evidence exists, it must be presented instead of oral testimony.  *Seiler v. Lucasfilm, Ltd.*, 808 F.2d 1316, 1318 (9th Cir. 1986).  The absence of a paper trail to establish that no contributions to the IRA occurred between June and November 2005 does not render Ms. LeClair's own testimony on this point inadmissible.

REMAINDER OF THE PAGE LEFT BLANK

---

[2] Fed. R. Evid 1002 provides:

>   To prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required, except as otherwise provided in these rules or by Act of Congress.

Conclusion

I find Ms. LeClair's testimony that she never deposited any funds into the IRA she inherited from her late husband admissible, credible and unrebutted. I conclude, therefore, that the entire amount of her John Hancock annuity is exempt under Mass. Gen. Laws ch. 235, § 34A. Based on the foregoing, the trustee's objection to the debtor Betty LeClair's exemption of the John Hancock annuity is overruled.

Separate orders will issue.

Dated: November 2, 2011

By the Court,

Melvin S. Hoffman
U.S. Bankruptcy Judge

Counsel Appearing:    Matthew J. Trembley
Marlborough, MA
Counsel for Betty LeClair

David M. Nickless
Fitchburg, MA
Counsel for David M. Nickless, Chapter 7 trustee